Affirmed in Part and Reversed and Remanded in Part and Memorandum
Majority and Concurring Opinions filed October 2, 2007








Affirmed in
Part and Reversed and Remanded in Part and Memorandum Majority and Concurring Opinions filed October 2, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00921-CV

____________

 

ANGLO-DUTCH PETROLEUM
INTERNATIONAL, INC. AND 

ANGLO-DUTCH (TENGE) LLC, Appellants

 

V.

 

LITTLEMILL LIMITED, Appellee

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2004-60996

 



 

M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

I agree
with the reasoning used by the majority in all respects except for its
discussion of the affidavit of Fred Hagans regarding attorney=s fees.  Rather than hold that the
affidavit of Mr. Hagans was internally inconsistent, I would hold that it
failed to prove that the tort and contract claims were inextricably intertwined
so that all legal fees were recoverable.  Mr. Hagans said the following to
prove that the claims were inextricably intertwined:








This case involves claims of breach
of contract, claims for declaratory relief and other claims arising out of the
same transaction at issue in connection with Littlemill=s breach of contract claims such that
the prosecution of all of these claims entails proof or denial of essentially
the same facts.  All of Littlemill=s claims are, in my opinion,
intertwined to the point of being inseparable and therefore are Ainextricably intertwined.@

In Tony
Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299 (Tex. 2006), the Texas
Supreme Court rejected the idea that a litigant could prove that claims were
inextricably intertwined merely by stating that the claims were dependent on
the same set of facts.  There, the Court acknowledged that Chapa=s fraud, contract and DTPA claims
were all dependent upon the same set of facts or circumstances, yet went on to
state, Athat does not mean they all required
the same research, discovery, proof, or legal expertise.@ Id. at 313.  The Court
continued with the following:

Nor are unrecoverable legal fees rendered recoverable merely because
they are nominal; there is no such exception in any contract, statute, or Athe American Rule.@ 
To the extent Sterling suggested that a common set of underlying facts
necessarily made all claims arising therefrom Ainseparable@  and all legal fees recoverable, it went too far.

 








Id. (citing Stewart Title Guar. Co. v.
Sterling, 822 S.W.2d 1, 11 (Tex. 1991)).  The Court acknowledged
that many actions taken in a case, such as Arequests for standard disclosures,
proof of background facts, depositions of the primary actors, discovery motions
and hearings, voir dire of the jury, and a host of other services may be necessary
whether a claim is filed alone or with others,@ and held that to the extent these
services would have been incurred on a recoverable claim alone, Athey are not disallowed simply
because they do double service.@ Id. But, the Court reaffirmed that when certain
services are performed only for an unrecoverable claim, and are not doing Adouble service,@ a claimant must segregate
recoverable from unrecoverable fees.  Id.  In addition, to recover fees
for causes of action that are inextricably intertwined but involve both
recoverable and unrecoverable claims, lawyers must now identify the discrete
legal services that perform the dual service of advancing both the recoverable
and unrecoverable claims.  Id. at 313B14.  A lawyer need not keep separate
time records for every service claimed to advance both a recoverable and an
unrecoverable claim; he may opine what percentage of the service would have
been required even if the unrecoverable claim had not been brought.  See id.
at 314.

Here,
Mr. Hagans did not take the extra steps to identify the discrete legal services
that advanced both recoverable and non-recoverable claims.  As a result, the
case should be remanded to allow Mr. Hagans to prove his fees.  Id.

 

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Majority and Concurring Opinions filed October 2, 2007.

Panel consists of Justices Anderson,
Hudson, and Fowler.(Anderson, J. Majority)